UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUIS VICENTE,<br>　　　Plaintiff, | :<br>:<br>: |
| v. | : 　3:20cv1079 (OAW) |
| | : |
| DAVID ANDRZELEWSKI, POLICE<br>OFFICER,<br>　　　Defendant. | :<br>:<br>: |

## RULING ON MOTION FOR PARTIAL SUMMARY JUDGMENT

**THIS CAUSE** is before the court upon Defendant's Motion for Partial Summary Judgment ("Motion"). *See* ECF No. 61. The court has reviewed the Motion, Defendant's Statement of Facts ("Defendant's SOF"),[1] *see* ECF No. 61-3, Plaintiff's Opposition to the Motion, *see* ECF No. 65, Plaintiff's Declaration in Opposition to the Motion ("Declaration"),[2] *see* ECF No. 70, Defendant's Reply in support of the Motion, *see* ECF No. 71, all supporting exhibits, *see* ECF No. 61-2, and the record in this matter and is thoroughly advised in the premises. After thorough review, the court concludes that the Motion must be denied.

---

[1] Local Rule 56(a)1 provides: "Each material fact set forth in the Local Rule 56(a)1 Statement and supported by the evidence will be deemed admitted (solely for purposes of the motion) unless such fact is controverted by the Local Rule 56(a)2 Statement required to be filed and served by the opposing party in accordance with this Local Rule, or the Court sustains an objection to the fact." Defendant informed Plaintiff of this requirement in his Notice to Pro Se Litigant. *See* ECF No. 61-4. Thus, where Plaintiff has not filed a response to Defendant's Local Rule 56(a)1 Statement in compliance with Local Rule 56(a)2, the facts asserted in Defendant's statement may be deemed admitted where supported by the evidence. *See Small v. Clements*, No. 3:18-CV-1731 (KAD), 2019 WL 5727388, at *1, n.1 (D. Conn. Nov. 5, 2019); *Wu v. Nat'l Geospatial Intel. Agency*, No. 3:14CV1603 (DJS), 2017 WL 923906, at *2 (D. Conn. Mar. 8, 2017) (noting in context of *pro se* plaintiff's failure to submit a Local Rule 56(a)2 statement, that "*pro se* parties are not excused from abiding by the Federal Rules of Civil Procedure.") (citation omitted).
[2] The Declaration contains Plaintiff's responses to Defendant's SOF.

**I.     BACKGROUND**

On December 9, 2018, Plaintiff Luis Vicente was operating a vehicle that crashed into a City of Waterbury Police Department vehicle.   ECF No. 61-3 at ¶ 3.   Plaintiff alleges that Defendant David Andrzejewski (a Waterbury police officer) drew his firearm and pointed it directly at him after he exited the vehicle.   ECF No. 1 at ¶ 2.   Plaintiff ran and climbed the wall of a highway overpass barrier; it is alleged that he raised his hands to surrender, and that Defendant pushed him off the barrier wall.   ECF No. 61-3 at ¶¶ 4-5; ECF No. 70 at ¶ 4; ECF No. 1 at ¶ 4.[3]

As a result of his fall, Plaintiff fractured his ankle and was taken to St. Mary's Hospital by ambulance.   ECF No. 61-3 at ¶ 6.   Surgery on his ankle was performed later at UConn Health Center.   *Id.* at ¶ 7.

Plaintiff now takes pain medication for his consistent ankle, leg and back pain, and Benadryl for his anxiety.   *Id.* at ¶ 8.   Plaintiff has a history of depression, anxiety and paranoia, and he asserts that these conditions have been exacerbated as a result of this incident.   *Id.* at ¶ 10.   Plaintiff claims to experience nightmares and lack of sleep as a result of the incident at issue.   *Id.* at ¶ 12.

Plaintiff, who currently is confined within the Department of Correction, brought this action under 42 U.S.C. § 1983 against the police officer defendant, in his official and individual capacities.   *See* ECF No. 1.   Plaintiff seeks damages for his "mental, emotional, and physical injury" in connection with Defendant's use of excessive force during his arrest.   *Id.* at p. 8.   In its Initial Review Order, the court permitted Plaintiff to

---

[3] Plaintiff alleges that Defendant "intentionally" pushed him off the barrier wall, which had a forty-foot drop.   ECF No. 1 at ¶ 4. Defendant denies this allegation in his answer.   ECF No. 16 at ¶ 1.

proceed against Defendant in his individual capacity for damages on the claim of excessive force in violation of the Fourth Amendment and on his state law claims of assault and battery and intentional and negligent infliction of emotional distress. *See* ECF No. 8.

Before the court is Defendant's motion for partial summary judgment on Plaintiff's Fourth Amendment claim for damages due to aggravation of his mental health conditions, and on his state law claim for intentional infliction of emotional distress. ECF No. 61.[4]

## II. LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of proving that no genuine factual disputes exist. *See Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010). "In determining whether that burden has been met, the court is required to resolve all ambiguities and credit all factual inferences that could be drawn in favor of the party against whom summary judgment is sought." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). This means that "although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000); *see Welch-Rubin v. Sandals Corp.*, No. 3:03-cv-00481, 2004 WL 2472280, at *4

---

[4] Defendant has not moved for summary judgment on Plaintiff's claim for negligent infliction of emotional distress.

3

(D. Conn. Oct. 20, 2004) ("At the summary judgment stage of the proceeding, [the moving party is] required to present admissible evidence in support of their allegations; allegations alone, without evidence to back them up, are not sufficient.") (citing *Gottlieb v. Cnty of Orange*, 84 F.3d 511, 518 (2d Cir. 1996)); *Martinez v. Conn. State Library*, 817 F. Supp. 2d 28, 37 (D. Conn. 2011). Put another way, "[i]f there is any evidence in the record that could reasonably support a jury's verdict for the nonmoving party, summary judgment must be denied." *Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH*, 446 F.3d 313, 315–16 (2d Cir. 2006) (internal quotation marks and citation omitted).

A party who opposes summary judgment "cannot defeat the motion by relying on the allegations in his pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible." *Gottlieb*, 84 F.3d at 518. Where there is no evidence upon which a jury properly could render a verdict for the party producing it and upon the party bearing the burden of proof, such as where the evidence offered consists of conclusory assertions without support in the record, summary judgment may lie. *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 726–27 (2d Cir. 2010).

## III. DISCUSSION

Defendant argues that Plaintiff cannot prevail on his request for damages under section 1983 based on aggravation of his preexisting mental health conditions or on his state law claim of intentional infliction of emotional distress. ECF No. 61-1 at 4-11.

4

### A. Damages for Aggravation of Mental Health Conditions

Section 1983 "creates a species of tort liability in favor of persons who are deprived of rights, privileges, or immunities secured to them by the Constitution." *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 304 (1986) (internal quotation marks omitted). Damages for violations of constitutional rights are "ordinarily determined according to principles derived from the common law of torts." *Id.* (citations omitted). "[T]he main purpose of a § 1983 claim is to compensate individuals for injuries caused by the deprivation of constitutional rights[.]" *Amato v. City of Saratoga Springs*, 170 F.3d 311, 317 (2d Cir. 1999). Thus, "as in all § 1983 cases, the plaintiff must prove that the defendant's action was a proximate cause of the plaintiff's injury." *Gierlinger v. Gleason*, 160 F.3d 858, 872 (2d Cir. 1998); *McCrann v. U.S. Lines, Inc.*, 803 F.2d 771, 773 (2d Cir. 1986) (stating that an award of damages sustained by a plaintiff because of tortious conduct is guided by the well-settled principle that "a tortfeasor should be required to put his victim in the same economic position that he would have occupied had he not been injured."); *McAfee v. Naqvi*, No. 3:14-CV-410 (VAB), 2017 WL 3184171, at *7 (D. Conn. July 26, 2017). Further, "[a] claimant must present evidence that provides the finder of fact with a reasonable basis upon which to calculate the amount of damages[, and] need not prove the amount of loss with mathematical precision; but the jury is not allowed to base its award on speculation or guesswork." *Sir Speedy, Inc. v. L & P Graphics, Inc.*, 957 F.2d 1033, 1038 (2d Cir. 1992).

Defendant asserts that Plaintiff cannot prove his claim for damages based on aggravation of his preexisting mental health conditions because he has not disclosed any medical expert to establish the causal connection between Defendant's conduct and his aggravated psychiatric or mental health conditions. ECF No. 61-1 at 4-9. The court disagrees.

In the first instance, Rule 26(a)(2) requires a party to disclose to the other parties the identity of any expert witness it may use at trial at least 90 days before the trial date or the date that the case is to be ready for trial; the deadline is 30 days in advance if the testimony only is to be used in rebuttal. Fed. R. Civ. P. 26(a)(2)(A), (a)(2)(D). Presently, the parties' joint trial memorandum is due on June 16, 2022 with jury selection to take place on August 16, 2022. Thus, Defendant's assertion regarding Plaintiff's failure to disclose any expert witness appears to be premature.

Moreover, Defendant overstates the necessity for medical opinion testimony to be elicited from a witness designated under the Rules as an expert. Such testimony generally is required to prove causation of a plaintiff's injury where it is beyond the common knowledge or experience of a layperson. S*ee Barnes v. Anderson*, 202 F.3d 150, 159 (2d Cir. 1999) (discussing requirement for expert medical opinion to prove causation for a complex injury of plaintiff's miscarriage). Plaintiff represents that he is receiving mental health treatment, and it is undisputed that Plaintiff takes medication for his anxiety. ECF No. 61-3 at ¶ 8; ECF No. 70 at ¶ 8; ECF No. 65 at 53 (ex. C). Even if he has not disclosed an expert in compliance with Rule 26(a)(2)(A), Plaintiff still may present testimony from a treating physician. "The key to what a treating physician can

testify to without being declared an expert is based on [the physician's] *personal knowledge from consultation, examination and treatment of the Plaintiff, not from information acquired from outside sources.*" Barack v. American Honda Motor Co., 293 F.R.D. 106, 109 (D. Conn. 2013) (emphasis in original) (citations omitted). A treating physician can present testimony about his or her opinions formed during treatment, "*including causation*, severity, disability, permanency and future impairments." *Mercado.*, No. 3:16-CV-01622-VLB, 2019 WL 625697, at *4 (emphasis in original) (citations omitted). Thus, Plaintiff can present medical evidence to show that Defendant's conduct has a causal nexus to aggravation of his preexisting psychiatric and mental health conditions.

Further, Defendant has not convinced the court that Plaintiff will be unable to show without an expert a causal connection between Defendant's alleged misconduct and aggravation of Plaintiff's preexisting condition. A jury might not credit the testimony and evidence presented by the plaintiff at trial, but the court must view Plaintiff's claims in a light most favorable to that nonmoving party. Here, the court questions whether it might be well within the ken of the common jury (without expert testimony) to assess whether pushing someone off a forty-foot highway overpass might exacerbate such person's preexisting mental condition. As such, the case at bar easily can be distinguished from many of the cases cited by Defendant. For example, *Jimenez v. Supermarket Service Corp.*, 2002 WL 662135 (S.D.N.Y. Apr. 22, 2002), involved a motor vehicle accident (without mention of visible injury) in which a plaintiff refused medical treatment at the scene and called her lawyer before later seeking

medical care, subsequently raising a claim that the accident aggravated a previous injury. *Dudley v. Imbesi*, 121 A.D.3d 1461, 995 N.Y.S.2d 810 (App. Div. 2014), involved a plaintiff who had been in a serious car accident, but then was in another accident close in time (and of similar reported injury) to the accident that sparked litigation in that case. *Dudley*, 121 A.D.3d at 1462. Unlike the February and April 2010 auto accidents in *Dudley*, the defendant raises no claim that the present plaintiff suffered a similar trauma mere months before the incident at issue in this case. The purported relevance of *Dudley* therefore is misplaced.[5]

Accordingly, the court will deny Defendant's Motion because the issue of causation presents an issue of fact for resolution by a jury. *Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 2017) ("Credibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment."). After the close of Plaintiff's evidence at trial, the court will consider whether Plaintiff's evidence in support of his damages claim for his aggravated psychiatric or mental health conditions is sufficient to submit the claim for the jury's consideration. Of course, Plaintiff remains free to bolster his claim through the use of an expert witness.

### B. Intentional Infliction of Emotional Distress

Defendant maintains that Plaintiff cannot prove that he intentionally inflicted emotional distress or that he suffered from severe emotional distress as a result of Defendant's conduct. ECF No. 61-1 at 10.

---

[5] The court acknowledges, however, that Plaintiff's medical records mention a preexisting facial abrasion. Plaintiff's Memorandum in Opposition; ECF 60 at 24.

To state a claim for intentional infliction of emotional distress under Connecticut law, a plaintiff must allege that (1) the defendant intended to inflict emotional distress or that they knew or should have known that emotional distress was the likely result of their conduct; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct was the cause of plaintiff's distress; and (4) the resulting emotional distress sustained by plaintiff was severe. *Appleton v. Bd. of Educ. of the Town of Stonington*, 254 Conn. 205, 210 (2000). The Connecticut Supreme Court has defined extreme and outrageous conduct as that which "exceeds all bounds usually tolerated by decent society." *Carrol v. Allstate Ins. Co.,* 262 Conn. 433, 443 (2003) (internal citation omitted).

The present record concerning Defendant's conduct consists of Plaintiff's allegations in the complaint and his Declaration, which, if credited, could lead a jury to conclude that Defendant's conduct was extreme and outrageous. It is also undisputed that Plaintiff suffers from, and takes medication for, anxiety. While Plaintiff on page ten of his motion notes that everyone deals with some degree of emotional distress, this court finds that the mental distress claimed by Mr. Vicente and viewed in a light most favorable to him is well within the prima facie range of seriousness required to survive the present motion for summary judgment. Finally, whether Defendant intended to cause Plaintiff emotional distress by his conduct and whether Plaintiff suffers from severe emotional distress as a result of such conduct are issues for a jury to resolve. Defendant's motion for summary judgment on this claim therefore must be denied.

**IV. CONCLUSION**

For the foregoing reasons, it is thereupon **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Partial Summary Judgment, ECF No. 61, is **DENIED**.

2. Pursuant to Local Rule 83.10, the court concludes that appointment of counsel will serve the interests of justice. Therefore, the court respectfully asks the Clerk of Court to assign a pro bono attorney to represent Plaintiff in this action.

SO ORDERED at Hartford, Connecticut this 20th day of April 2022.

                                          /s/
                                  OMAR A. WILLIAMS
                                  United States District Judge